IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DEANNA RAYE TAYLOR,

    Plaintiff,

v.                                    Civil Action No. 5:09CV127
                                                  (STAMP)

RICK MERCER and RALPH I. JAMES,
individually and as agents and
employees of the Marshall County
Sheriff's Department and
MARSHALL COUNTY COMMISSION and
MARSHALL COUNTY SHERIFF'S DEPARTMENT,
political subdivision of the State of
West Virginia and their known and
unknown agents and employees,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT MARSHALL COUNTY
SHERIFF'S DEPARTMENT'S MOTION TO DISMISS**

I.    Procedural History

     The plaintiff, Deanna Raye Taylor, filed a complaint in this Court alleging that the defendants violated her constitutional rights secured by the First Amendment, Fourth Amendment, and Fourteenth Amendment of the United States Constitution and Article II, Section 6 of the West Virginia Constitution. She also alleges several state law causes of action. Defendant Marshall County Sheriff's Department filed a motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), arguing that it is not a proper party to the above-styled civil action. The plaintiff filed a response, indicating that she does not oppose the

defendant's motion to dismiss.  For the reasons stated below, this
Court finds that the defendant's motion to dismiss must be granted.

## II.  Facts[1]

On December 1, 2007, defendants Ralph I. James and Rick Mercer, deputy sheriffs in Marshall County, West Virginia, responded to a dispatch call notifying them that Scott Rickrode had been involved in a disturbance at a pizzeria in Moundsville, West Virginia.  James and Mercer went directly to the plaintiff's apartment upon their belief that her apartment was a location frequented by Rickrode.  James and Mercer knocked on the door and Rickrode answered it.  James told Rickrode to step outside so that he could talk to him.  Rickrode refused, directed an expletive at James, and closed the door.  James and Mercer then broke the door to the plaintiff's residence without a warrant.  James and Mercer entered the apartment and battered Rickrode, injuring him. Rickrode resisted arrest.  James and/or Mercer then tasered Rickrode.  The plaintiff states she repeatedly told James and Mercer to stop.  The plaintiff attempted to protect and defend Rickrode during the arrest.  Mercer and/or James then struck the plaintiff and impeded with her efforts to protect Rickrode.  James and Mercer placed the plaintiff in custody.  The plaintiff was

---

[1]For purposes of deciding this motion, the facts are based upon the allegations contained in the complaint.

2

charged with obstructing an officer and incarcerated at Northern Regional Jail.

### III. Applicable Law

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept all well-pled facts contained in the complaint as true. Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc, 591 F.3d 250, 255 (4th Cir. 2009). However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." Id. (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). This Court also declines to consider "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009).

It has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed. 1998). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. Id. For purposes of the motion to dismiss, the complaint is construed in

the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on is face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Nemet Chevrolet, 591 F.3d at 256 (quoting Iqbal, 129 S. Ct. at 1949). Detailed factual allegations are not required, but the facts alleged must be sufficient "to raise a right to relief about the speculative level." Twombly, 550 U.S. at 555.

IV. Discussion

Under 42 U.S.C. § 1983, a local governing body is subject to a civil suit. Monell v. Department of Social Services, 436 U.S. 658 (1978). However, under West Virginia law, the local governing body for a county within the state is the county commission. See W. Va. Code § 7-1-1. Article I of Chapter 7 of the West Virginia Code provides, in relevant part:

> The county commission, formerly the county court, tribunal or county council in lieu thereof, of every county within the State of West Virginia shall be a corporation by the name of "The County Commission of

4

>     .......... County", or "The County Council of ..........
>     County" by which name it may sue and be sued, plead and
>     be impleaded and contract and be contracted with.

W. Va Code § 7-1-1(a). West Virginia law therefore authorizes a county commission to sue or be sued, but does not contain any similar provision for county sheriff's offices. The Marshall County Sheriff's Department has no status independent of the Sheriff in his official capacity which would permit that office to sue and be sued. Further, the Marshall County Sheriff's Department is not a governing body of Marshall County, nor is it a policy-making entity for the county. "[I]n the realm of county law enforcement," it is not the office of the sheriff but "the sheriff [who] is the duly delegated policy maker for the county." Revene v. Charles County Commissioners, 882 F.2d 870, 874 (4th Cir. 1989). Therefore, a claim against the office of the sheriff is "effectively a claim against the governing body of the of the County." Id. Accordingly, the plaintiff has improperly named the Marshall County Sheriff's Department as a defendant in this action.

## V. Conclusion

For the reasons stated above, this Court finds that the Marshall County Sheriff's Department is not a proper party to this civil action. Accordingly, the Marshall County Sheriff's Department's motion to dismiss is GRANTED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    April 13, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE